[No. 25164. Department One. December 17, 1934.]

THE STATE OF WASHINGTON, *Appellant*, v. PAUL PATRICK, *Respondent*.[1]

*E. W. Schwellenbach*, for appellant.
*Rummens & Griffin*, for respondent.

MAIN, J.—The information in this case contains two counts, the first of which charges the defendant with the crime of uttering a forged note and a warehouse receipt upon which there was a forged endorsement. At the conclusion of the state's evidence, the defendant moved for a directed verdict as to both counts. The motion as to the second count was sustained and denied as to the first. The defendant offered no evi-

[1]Reported in 39 P. (2d) 390.

dence in his own behalf, but rested upon the state's case. The jury returned a verdict finding the defendant guilty upon the first count. Motions in arrest of judgment and also for a new trial were interposed. The motion in arrest of judgment was denied, and the motion for new trial was granted, on the ground of the disqualification of one of the jurors. From the order granting a new trial, the state appeals.

The disqualification of the juror was that he could not read and write the English language. Rem. Rev. Stat., § 94 [P. C. § 8151], provides, in addition to other things, that no person shall be competent to serve as a juror in the superior courts of this state unless he be "able to read and write the English language." Neither the respondent nor his counsel knew of the disqualification of the juror until after the verdict was returned, and neither of them was at fault in not having discovered it at the trial.

The courts generally hold that the losing party, when neither he nor his counsel is at fault in not having discovered the disqualification earlier, may raise the question after verdict where the disqualification is one which is inherent or necessarily of a prejudicial nature. When the question may thus be raised, it calls for the exercise of a discretion by the trial court as to whether the losing party had been prejudiced by the disqualification. 16 R. C. L. p. 287; *Commonwealth v. Wong Chung,* 186 Mass. 231, 71 N. E. 292, 1 Ann. Cas. 193; *State v. Harris,* 69 W. Va. 244, 71 S. E. 609, Ann. Cas. 1913A, 889, 50 L. R. A. (N. S.) 933; *Lafayette Plankroad Co. v. New Albany & Salem Railroad Co.,* 13 Ind. 90, 74 Am. Dec. 246; *Rollins v. Ames,* 2 N. H. 349, 9 Am. Dec. 79.

The court of civil appeals of Texas (*Sinsheimer v. Weil Co.,* 61 Tex. Civ. App. 209, 129 S. W. 187; *Travelers' Ins. Co. v. Peters,* 3 S. W. (2d) (Tex. Civ.

App.) 568), is not in accord with the rule stated, and that court holds that the disqualification of a juror for any reason, under the statute, is not a ground for new trial after verdict. It appears to us that the better rule is that above stated, which is supported by the authorities generally, and leaves the question of prejudice to the discretion of the trial court where the disqualification is one which is inherent or necessarily of a prejudicial nature, and neither the losing party nor his counsel is at fault in not having discovered it until after verdict.

In the case now before us, as above stated, the record shows that neither the respondent nor his counsel was at fault in not having discovered the disqualification of a juror until after verdict. A disqualification of a juror, in that he cannot read and write the English language, is one of a prejudicial nature where, upon the trial, there were exhibits introduced which the jury, in their deliberation, would read, and where the instructions are given in writing and go into the jury room, as in this state. In this case, there were numerous exhibits, and a juror who was not able to read and write the English language would not have the same qualification in ascertaining the contents thereof as would jurors who had the statutory qualification. The question then became one of whether the respondent had been prejudiced by reason of the disqualification of the juror, and the trial court, in the exercise of its discretion, resolved that question in favor of the respondent.

Upon appeal, the question is whether the trial court abused its discretion, and we find nothing in this case which would justify this court in disturbing the holding of the trial court in the exercise of its discretion.

The case of *State v. Willis*, 135 Wash. 312, 237 Pac.

711, has no application to the present situation. In that case, before the jury was selected, the defendant had exercised all of his peremptory challenges and sought to have a juror excused for the reason that his *voir dire* examination disclosed that he did not have the statutory qualification of being an elector and taxpayer, and the challenge for cause was denied. Upon appeal, it was held that the court was in error in not sustaining the challenge.

The respondent says that his motion in arrest of judgment should have been sustained. This depends upon whether the evidence offered by the state was sufficient to take the case to the jury. After reading and considering all the evidence, we are of the view that the state's evidence presented a question of fact for the jury, and not of law for the court to determine. Since there is to be another trial, we shall refrain from making further reference to the evidence or comment thereon.

The motion in arrest of judgment was properly overruled, and the order granting the new trial for the reason stated will be affirmed.

BEALS, C. J., TOLMAN and BLAKE, JJ., concur.

MILLARD, J. (concurring)—I concur in the result. Inability "to read and write the English language" is such a disqualification under the statute that, if one or more of those placed on the jury are so disqualified, there would not be a legal jury. That being so, it is not a question of whether the defendant has been prejudiced. There was not a legal trial.