[No. 128-3.    Division Three.    April 2, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM HOWARD DENNEY, *Appellant*.

*Terry Watkins* and *Martin, Shorts & Bever*, for appellant.

*Lincoln E. Shropshire, Prosecuting Attorney*, and *Gary G. McGlothlen, Deputy*, for respondent.

EVANS, J.—Defendant William Howard Denney appeals from a judgment and sentence based upon the verdict of a jury finding him guilty of first-degree forgery, and assigns error to the refusal of the trial court to grant defendant's motion in arrest of judgment or for a new trial based upon the alleged disqualification of one of the jurors.

The sole issue presented is whether the failure of a juror to hear the testimony of one of the witnesses deprived defendant of a fair trial.

The record reflects by affidavit of defense counsel that after the jury returned its verdict one of the jurors stated to affiant that he had been unable to hear the testimony of one of the witnesses—Louise May Ledford—because she testified in a low voice, but that during the jury's deliberation other members of the jury told him what her testimony was. It is not contended the juror was incorrectly informed as to her testimony, nor is it contended he did not hear the remaining testimony. Neither the defendant nor his counsel was made aware of any hearing difficulty experienced by the juror until after the verdict was returned, and neither of them was at fault for not having discovered that fact during the trial.

The issue arises from the following undisputed facts: Mrs. Ledford had recently vacated an apartment owned by the complaining witness, Mayme Sorenson, owing Mrs. Sorenson $270 rent. At the time she moved out Mrs. Ledford left with Mrs. Sorenson certain personal belongings, including a television set, as security for the unpaid rent. Approximately 2 months later, being desirous of obtaining her personal belongings so that she could set up housekeeping, Mrs. Ledford and the defendant Denney called upon Mrs. Sorenson. At that time Mrs. Ledford falsely represented that the defendant Denney was her husband, Lt. William Ledford. The defendant gave Mrs. Sorenson a check in the sum of $270 and in return Mrs. Sorenson allowed Mrs. Ledford to take all of her personal belongings except the television set, which she intended to keep for

1 week until the check cleared the bank. The check given to Mrs. Sorenson was written by the defendant Denney, contained a nonexistent account number, and was signed "William B. Ledford, Jr." The defendant assured Mrs. Sorenson that he was "Bill" and she assumed he meant William Ledford.

The only substantial dispute in the evidence arose when Mrs. Ledford testified that upon accepting the check Mrs. Sorenson said "she knew it wasn't any good". It is the failure of the juror to hear this testimony which defendant claims deprived him of a fair trial. It is his contention that this testimony supported his defense theory, which was that the complaining witness, Mrs. Sorenson, accepted the check, knowing that it was "void" and that there was an agreement between Mrs. Sorenson, Mrs. Ledford and the defendant that Mrs. Ledford would return to claim the television set and the check within a week or two. Because of this arrangement between the parties it is contended defendant had no intent to defraud and did not utter the check as a genuine instrument.

■ We find no merit to this contention. Mrs. Sorenson did testify that because of her prior experience with Mrs. Ledford she had serious doubt that the check was good, but denied making the statement that she knew it was worthless or that there was any agreement to merely hold the check (for what purpose, if Mrs. Sorenson knew the check was worthless, the defendant does not explain). In any event, it is immaterial whether Mrs. Sorenson had reason to believe that the check given to her by the defendant was a forged instrument. The material factor is the intent of the person forging or uttering the instrument. There is substantial evidence to support the finding of the jury that the defendant forged and uttered the check in question with an intent to defraud. The defendant allowed himself to be introduced as William Ledford, and supported that deception when he assured Mrs. Sorenson his name was "Bill".

As stated in *State v. Phillips,* 42 Wn.2d 137, 147, 253 P.2d 919 (1953):

> The crime of forgery was complete when the forged signature was affixed to the contracts with an intent to defraud. Lack of knowledge on the part of the person defrauded by the forgery is not an element of the crime of forgery.

Also:

> A forged instrument is uttered when it is offered as genuine accompanied by words or conduct indicating that it is genuine, *without regard to whether it is so accepted.*

(Italics ours.) 2 R. Anderson, Wharton's Criminal Law and Procedure § 650, at 441 (1957).

■ Also, as stated in *State v. Patrick,* 180 Wash. 56, 57, 39 P.2d 390 (1934):

> The courts generally hold that the losing party, when neither he nor his counsel is at fault in not having discovered the disqualification earlier, may raise the question after verdict where the disqualification is one which is inherent or necessarily of a prejudicial nature. When the question may thus be raised, it calls for the exercise of a discretion by the trial court as to whether the losing party had been prejudiced by the disqualification.

The testimony of Mrs. Ledford being immaterial to the charge of first-degree forgery, the question of whether the defendant was necessarily prejudiced in his right to a fair trial because one of the jurors was unable to hear that testimony was addressed to the sound discretion of the trial court. We find no abuse of that discretion.

■ Defendant contends, however, that he was entitled to a new trial as a matter of right because of what he contends was the inherent physical disqualification of the juror. We cannot agree. There is nothing before the court from anyone having testimonial knowledge from which it can be found that the juror was inherently physically disqualified. There is only the hearsay affidavit of counsel for defendant that the juror told him he did not hear the testimony of Mrs. Ledford because she spoke in a low voice. Although uncontroverted, this affidavit is insufficient to

establish an inherent physical disqualification of the juror. Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied May 17, 1971.