[No. 9671.   Department One.   December 2, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v. A. B. NICK, *Appellant*.[1]

BRIBERY — PUBLIC OFFICER — INDICTMENT — SUFFICIENCY. An indictment for bribing a police officer of the city of Seattle to influence him not to prohibit and prevent the accused from conducting a house of prostitution, is not demurrable as failing to allege that a policeman of a city is a "public officer" within Rem. & Bal. Code, § 2320, under which the indictment was drawn; since the description of the act which he was bribed to do sufficiently shows that he was an officer, and inferentially alleges his authority; and, also, for the reason that the court will take judicial notice of the city charter, from which it appears that a policeman is such a public officer.

BRIBERY—PUBLIC OFFICERS—STATUTES—CONSTRUCTION — EJUSDEM GENERIS. Rem. & Bal. Code, § 2320, defining bribery as to certain enumerated officers, and providing that it shall be a crime to give a reward "to a person executing any of the functions of a public officer other than those heretofore specified," is not subject to the rule of ejusdem generis; but covers the bribery of all public officers.

[1]Reported in 119 Pac. 15.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 22, 1911, upon a trial and conviction of bribery. Affirmed.

*Gill, Hoyt & Frye* and *R. L. Blewett*, for appellant.

*John F. Murphy* and *Hugh M. Caldwell*, for respondent.

FULLERTON, J.—The appellant was indicted by the grand jury of King county for the crime of bribing a public officer, the charging part of the indictment reading as follows:

"The said A. B. Nick alias A. B. Nickerson, on the 9th day of March, 1911, in the County of King, State of Washington, did then and there wilfully, unlawfully, feloniously and corruptly offer and give a compensation and gratuity of ten dollars ($10) in lawful money of the United States of America, and five dollars ($5) in lawful money of the Dominion of Canada, to H. S. Thompson, then and there a person duly and regularly executing the functions of a public officer, to wit, the functions of a police officer of the city of Seattle, said county and state, with intent him, the said H. S. Thompson, to influence with respect to an act and decision in the exercise of his powers and functions as such officer, to wit, to influence the said H. S. Thompson to disregard and ignore his functions and power to prohibit and prevent the said A. B. Nick alias A. B. Nickerson from conducting a house of prostitution in the said Seattle, King county, Washington."

The indictment was framed under § 2320 of Rem. & Bal. Code, which provides:

"Every person who shall give, offer or promise, directly or indirectly, any compensation, gratuity or reward to any executive or administrative officer of the state, with intent to influence him with respect to any act, decision, vote, opinion or other proceeding, as such officer; or who shall give, offer or promise, directly or indirectly, any compensation, gratuity or reward to a member of the legislature, or attempt, directly or indirectly, by menace, deceit, suppression of truth or other corrupt means, to influence such member to give or withhold his vote, or to absent himself from the house of which he is a member or from any committee thereof; or who shall give,

offer or promise, directly or indirectly, any compensation, gratuity or reward to a judicial officer, juror, referee, arbitrator, appraiser, assessor or other person authorized by law to hear or determine any question, matter, cause, proceeding or controversy, with intent to influence his action, vote, opinion or decision thereupon; or shall give, offer or promise, directly or indirectly, any compensation, gratuity or reward to a person executing any of the functions of a public officer other than as hereinbefore specified, with intent to influence him with respect to any act, decision, vote or other proceeding in the exercise of his powers or functions, shall be punished by imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both."

On being arraigned the appellant demurred to the indictment on the ground that it did not state facts sufficient to constitute a crime. The demurrer was overruled, whereupon he entered a plea of not guilty, and was tried, convicted and sentenced for the crime charged in the information. From the judgment of conviction he appeals.

The record suggests but one question, namely, the sufficiency of the allegation of the indictment to constitute a crime. The appellant first contends that a police officer as such is not a public officer, and does not ordinarily perform the functions of a public officer; that his powers and duties are not defined by statute, but are wholly the creation of municipal ordinances, which the court cannot know judicially; hence, it is argued that this information is fatally defective in that it does not set forth the powers and duties of the police officer alleged to have been bribed, so that the court may know that he was such a public officer as the statute made it a crime to bribe. The information, it will be observed, does set out the specific acts which the officer was bribed to refrain from doing, and it is clear that this act was one that involved the powers and functions of a public officer. True, it is not alleged in direct terms that the officer had the power and authority to do what he is

charged to have refrained from doing, but it is inferentially so alleged, and this is sufficient against a general demurrer. But while this would seem sufficient to meet the objection raised, we think the indictment sufficient for another reason. The courts can know judicially the contents of the charter of the city of Seattle; hence, they can know that there is a police department in the city of Seattle composed of police officers who exercise the powers and functions of public officers; that is to say, they have power to make arrests for public offenses already committed, to make arrests to prevent the commission of public offenses, and to maintain the peace and quiet of the city. These are clearly the functions of public officers.

A second contention is that, conceding the police officer to be a public officer, we must apply to the particular clause of the statute upon which this indictment is founded the rule of *ejusdem generis*, and restrict the meaning of the word "person" to the class enumerated in the preceding part of the section. This is a rule of construction, undoubtedly, where general words follow an enumeration of particular things, but this statute contains words which render the rule inapplicable. It expressly makes it a crime to give a gratuity or reward "to a person executing any of the functions of a public officer other than as hereinbefore specified;" showing, as we think, a clear manifestation of the purpose to include acts and things other than those specifically enumerated in the preceding part of the section. It must therefore be given the effect of an independent clause, and so construed it must be held to include public officers other than those specifically enumerated.

The judgment is affirmed.

DUNBAR, C. J., GOSE, and PARKER, JJ., concur.