[No. 444-2.　Division Two.　November 15, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS HAROLD
HARVEY, *Appellant.*

*Fred D. Gentry* (of *Bean & Gentry*), for appellant (appointed counsel for appeal).

*Smith Troy, Prosecuting Attorney,* and *Richard A. Strophy, Deputy,* for respondent.

ARMSTRONG, J.—Thomas H. Harvey appeals from a conviction based on a plea of guilty to three counts of armed robbery. He was sentenced to a maximum term of 20 years

on each count, each to run consecutively. Since he had a prior felony conviction and had used an unloaded but deadly weapon in the robbery incidents, the sentence created a 60-year maximum and a 22½-year *mandatory* minimum sentence.[1]

Three issues are raised in this appeal: (1) Was defendant competent to enter a plea of guilty without a prior mental competency hearing to determine his competency since he had been recently treated at Western State Hospital? (2) Did the deputy prosecutor's alleged promise to recommend concurrent sentences and his failure to keep that promise constitute a denial of due process? (3) Did the trial court abuse its discretion in imposing sentences that created, as a matter of statutory law, three consecutive 7½-year mandatory minimum sentences, in view of the recent commitments for mental illness and the other circumstances of the arraignment and sentencing?

Factually, the record shows that in the fall of 1969, the defendant carried out three armed robberies with a deadly but unloaded weapon. On December 8, 1969, under advisement of court-appointed counsel, the defendant entered a plea of guilty to all three counts. Prior to accepting his plea, the court advised Harvey, in the presence of his counsel, that he could have additional time to weigh the matter of his plea. Although it did not apprise him of the specific extent of the duration of the maximum term the court did inform defendant that should he plead guilty it would impose the maximum term prescribed by law; that only the Board of Prison Terms and Paroles could determine the minimum sentence; that any discussions or promises made by the prosecutor would not be binding upon the court. Further, the defendant was informed that should he plead not guilty, he would be entitled to a jury trial, to confront witnesses, that he need not testify and that court-appointed counsel would be made available. The court then ordered

---

[1] RCW 9.95.040(2) provides in part: "For a person previously convicted of a felony . . . and who was armed with a deadly weapon at the time of the commission of his offense, the duration of confinement shall not be fixed at less than seven and one-half years."

that a *full presentence investigation* be completed and provided to the court.

On the day after the arraignment the probation and parole officer mailed to the court a presentence investigation report prepared from the records of the Department of Institutions. The report was filed with the clerk of the court on December 12, 1969. On December 15, 1969, 7 days after the arraignment, the defendant was sentenced to a maximum term of 20 years on each count. The court ordered that the sentences were to run consecutively.

■ We shall first consider the question of whether defendant was competent to enter a plea of guilty. If he was not competent the plea would not be voluntary. To be voluntary a plea of guilty must be freely, unequivocably, intelligently and understandingly made in open court with full knowledge of his legal and constitutional rights and the consequences of his act. *See Woods v. Rhay*, 68 Wn.2d 601, 414 P.2d 601 (1966) and cases cited therein.

The issue of competency was raised by an affidavit of defendant incorporated in defendant's brief, which alleged that prior to the dates of the acts charged defendant had been in a mental hospital and had been released on leave; to his knowledge he had never been discharged from the care and control of Western State Hospital.

■ The affidavit cannot be considered as evidence in the case because it was not a part of the record on appeal. *State v. Davis*, 73 Wn.2d 271, 438 P.2d 185 (1968). We can, however, consider the affidavit as a part of defendant's brief where it raises a constitutional issue and is supported by the record.

The presentence report, filed with the clerk of the court and considered by the court in sentencing, provides in part:

> On two occasions, this man has been a patient at Western State Hospital. On 2-18-59, he was voluntarily committed to Western State Hospital as a result of a suicide attempt. He was released on 3-31-59. On 9-21-69, Harvey was once again committed to Western State Hospital as a result of another suicide attempt. He was released from the hospital on 10-31-69.

There is nothing in the record to indicate what, if any, consideration was given to the mental competency of the defendant. The issue of mental competency was clearly brought to the trial court's attention by the presentence report. After detailing the defendant's past derelictions, including a felony conviction for grand larceny by embezzlement, the court stated:

> The background indicates a worsening of the situation in that all of these incidents took place within a month's time, at least the ones with a deadly weapon, and I don't believe it is for this Court to take under consideration the fact these guns were not loaded.

The incidents which gave rise to the robbery charges occurred on September 19, 1969 and November 11, 1969. One of the incidents occurred 2 days before his commitment to Western State Hospital; the other two incidents took place 11 days after his release from the hospital.

The presentence report does not clearly indicate whether the second commitment was on a voluntary or an involuntary basis. Assuming that it was on a voluntary basis, the treatment for mental illness was so close in time to the acts charged in the three counts of robbery that a substantial question of possible doubt as to the competency of the accused to enter a plea of guilty was clearly brought to the attention of the trial court. Due process requires that the trial court resolve that doubt by a competency hearing to determine whether the accused was capable of properly appreciating his peril and of freely and voluntarily entering a plea of guilty to the three counts of robbery. *See State v. Tate,* 74 Wn.2d 261, 444 P.2d 150 (1968) and cases cited therein.

Defendant next contends by affidavit that the deputy prosecutor induced him to enter a plea of guilty by promising to recommend concurrent sentences on the three counts of robbery and failed to make such a recommendation. If this were true we would agree that defendant had been denied due process of law. If a defendant enters a plea of guilty based upon a promise of a prosecutor and the prose-

cutor fails to keep his promise, this in itself is sufficient ground for setting aside a conviction and allowing the defendant to change his plea. *Darnell v. Timpani,* 68 Wn.2d 666, 414 P.2d 782 (1966).

We cannot consider the affidavit as evidence, however, and there is nothing in the record before us which could be considered to determine the truth or falsity of that contention. This is a matter which can be considered in a writ of habeas corpus. *State v. Davis, supra.*

The final issue in this appeal is whether the trial court abused its discretion in sentencing defendant to three consecutive terms in the penitentiary. This issue is created by the following factors: (1) the acts in question immediately preceded and immediately followed treatment for mental illness at Western State Hospital and there was no hearing to determine whether defendant was competent to enter a voluntary plea of guilty; (2) at the arraignment, the court specifically advised the defendant that only the Board of Prison Terms and Paroles can determine what the minimum term might be but failed to advise that there was a mandatory minimum term of 7½ years on each count; and (3) the court imposed consecutive sentences amounting to a 60-year maximum and a 22½-year *mandatory* minimum in a case involving a prior felony and there was no previous record of crimes of violence.

Having previously discussed the first factor and determining that a mental competency hearing was necessary, we turn next to the second factor, the failure of the court to advise defendant that there was a *mandatory* minimum sentence. We do not hold that it is necessary to do so in every case, but in this case the court stated at arraignment: "Only the Board of Prison Terms and Paroles can determine what the minimum might be." We are confident that the trial court did not intend to mislead the defendant, but the effect of the statement ignored completely the possibility of defendant serving three consecutive *mandatory* minimum sentences of 7½ years each—or a total of 22½ years.

Closely analogous to this situation is the case of *Allen v.*

*Cranor,* 45 Wn.2d 25, 272 P.2d 153 (1954). In that case a plea of guilty was set aside because defendant was denied due process of law, where he was misled by the prosecuting officials into believing that the Board of Prison Terms and Paroles had authority to set a minimum term of his confinement when the law prescribed a mandatory life term for the offense in question. A mandatory minimum term of 22½ years is almost a life sentence.

In the recent case of *Miesbauer v. Rhay,* 79 Wn.2d 505, 487 P.2d 1046 (1971) the court stated:

> This court has subscribed to the majority rule that in order to be valid a plea of guilty must be made voluntarily and with knowledge of its consequences. *Woods v. Rhay, supra.* We have never held, however, that a defendant has a constitutional right to be formally advised of the consequences of his plea by the trial judge. Rather, we have followed the general rule that whether the defendant knew the consequences of his plea is a fact to be determined from all the circumstances. *State v. Taft,* 49 Wn.2d 98, 297 P.2d 1116 (1956). In *Woods v. Rhay, supra,* we merely recommended that such a procedure be followed in order to forestall later attacks on the judgment founded on the contention that a plea of guilty was not made with knowledge of the consequences.

While the Washington Supreme Court has never held that a defendant *must* be formally advised of the consequences of his plea, we hold that if he is advised of the consequences of his plea the advice must be accurate. In this instance the advice could reasonably be understood to mean that the minimum term was solely determined by the parole board, whereas consecutive terms could create a mandatory minimum term of 22½ years.

The third factor considered on the issue of abuse of discretion is the severity of the sentence in view of the fact that there was but one prior felony conviction and that was not of a violent nature. We can conceive of cases where a man's background in violent crime was such that it might be reasonable to impose three consecutive sentences totaling a mandatory minimum term of 22½ years. The presen-

tence investigation does not reveal such a background in this case. We are not prepared to say that the severity of the sentence alone could be considered an abuse of discretion. This factor is merely one of the circumstances to consider in determining whether there has been an abuse of discretion.

From a review of all of the circumstances of the arraignment and sentencing we conclude that defendant's plea must be considered as less than voluntarily entered for the following reasons: (1) a question of mental competency to enter a plea of guilty was brought to the attention of the trial court by the presentence report, which revealed that the three counts of robbery occurred immediately before and immediately after his last treatment for mental illness, and the trial court failed to conduct a mental competency hearing; and (2) the defendant could have been misled by the court's advising him at arraignment that only the parole board could fix his minimum term and failing to advise him of the statutory mandatory minimum term.

Accepting a plea of guilty that is not voluntary is an abuse of judicial discretion. We therefore vacate and set aside the sentence and permit the defendant to change his plea.

Reversed and remanded for proceedings consistent with this opinion.

PETRIE, C.J., and PEARSON, J., concur.