[No. 42181.    En Banc.    September 14, 1972.]

THE STATE OF WASHINGTON, *Appellant*, v. CLINTON WHITE, *Respondent*.

224

*Christopher T. Bayley, Prosecuting Attorney,* and *John E. Oswald, Deputy,* for appellant.

*Howard T. Manion,* for respondent (appointed counsel for appeal).

WRIGHT, J.—Defendant was convicted of bribery. The Court of Appeals reversed. Williams, J. dissented. 5 Wn. App. 283, 487 P.2d 243 (1971). The state came here by appeal, under RCW 2.06.030. The sole issue is whether defendant is entitled to a new trial because of alleged incompetency of trial counsel. We reinstate the judgment of the trial court and reverse the majority opinion of the Court of Appeals.

Defendant resided at 1212 South Main Street in Seattle. Police officers were observing the house on the 25th day of April, 1969, investigating possible prostitution therein. Defendant claims he found the officers looking in a window, and that the officers told him to have some money for them. The state contends defendant saw the officers parked across the street watching the premises and motioned for them to approach the house. According to the state, the defendant invited the officers in, showed them around, and suggested that there was money available for them.

At the trial, defendant was represented by Mr. Howard T. Manion of Seattle, an experienced trial lawyer. Defendant was charged with a violation of RCW 9.18.010, the pertinent parts of which read:

> Bribery of public officer. Every person who shall give, offer or promise, directly or indirectly, any compensation, gratuity or reward to any executive or administrative officer of the state, with *intent* to influence him with respect to any act, decision, vote, opinion or other proceeding, as such officer; . . . or who shall give, offer or promise, directly or indirectly, any compensation, gra-

tuity or reward to a person executing any of the functions of a public officer other than as hereinbefore specified, with intent to influence him with respect to any act, decision, vote or other proceeding in the exercise of his powers or functions, shall be punished by imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both.

(Italics ours.)

■ A city police officer is a public officer within the meaning of this section. *State v. Nick*, 66 Wash. 134, 119 P. 15 (1911); *State v. Austin*, 65 Wn.2d 916, 400 P.2d 603 (1965).

Intent is an essential element of the crime charged. Mr. Manion based the defense on lack of intent. Defendant contended in the Court of Appeals, and here, that the defense should have been entrapment.

■ "Effective assistance of counsel" does not mean "successful assistance of counsel". The competency of counsel is not measured by the result. *State v. Thomas*, 71 Wn.2d 470, 429 P.2d 231 (1967). In *Thomas*, we said:

As we observed in *State v. Roberts, supra* [69 Wn.2d 921, 421 P.2d 1014 (1966)], the method and manner of preparing and presenting a case will vary with different counsel. The effectiveness or the competence of counsel cannot be measured by the result obtained.

In *Mooney v. United States*, 320 F. Supp. 316, 317 (E.D. Mo. 1970), it was said:

[I]t is settled that matters within the realm of counsel's judgment do not serve as a basis for a charge of inefficiency.

Competency of counsel will be determined upon the entire record. *State v. Gilmore*, 76 Wn.2d 293, 456 P.2d 344 (1969).

In the case now before us, it is easy to see why Mr. Manion decided it was better to rely on a lack of intent than to rely upon entrapment. Had he relied on entrapment, it would have been necessary for the jury to believe

the story of the defendant and disbelieve the testimony of the two police officers.

On the other hand, if lack of intent were the defense, it was possible to place emphasis on defendant's disability and claimed ignorance.

The decision of the trial court and the dissenting opinion of Williams, J. in the Court of Appeals were correct.

The decision of the trial court is hereby affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, and STAFFORD, JJ., and COCHRAN, J. Pro Tem., concur.

Petition for rehearing denied November 14, 1972.