[No. 45770. En Banc. May 24, 1979.]

THE STATE OF WASHINGTON, *Petitioner,* v. CLARENCE MELVIN SCOTT, *Respondent.*

*Christopher T. Bayley, Prosecuting Attorney,* and *J. Robin Hunt, Deputy,* for petitioner.

*Hayne & Moote* and *Stephen W. Hayne,* for respondent.

WRIGHT, J.—Respondent was charged in 1974 with second–degree burglary, entered a guilty plea and was given a suspended sentence. One of the conditions of the suspended sentence was that he not use or possess drugs. In 1976 he was charged with possession of heroin and entered a guilty plea. The State petitioned to revoke the suspension of sentence on the basis of the heroin possession.

On January 26, 1977, a plea of guilty was entered on the heroin charge. On February 16, respondent was before the court for the dual purpose of sentence on the heroin charge and revocation of the suspended sentence on the burglary charge. The trial court had granted a continuance to permit respondent to take tests at the Center for Addiction Services (CAS) to prove he was not taking drugs. When

respondent appeared February 16, no CAS report was available. The judge telephoned CAS and was informed that Salvador Ramos, a supervisor, was unavailable. The person who answered the telephone stated he could find no record of respondent visiting CAS except for one time 2 days earlier, and that the laboratory work was not completed.

The laboratory was called and stated the test was in two parts, and while one part was negative the other showed positive results. The respondent stated the positive result on one part of the test was caused by a cold tablet he had taken. The experts at CAS later confirmed that the cold tablet could affect that part.

The trial judge believed respondent was making excuses. Although respondent stated he had been to CAS 2 days after his January 26 guilty plea, and had been refused a test because a copy of the court's order had not been delivered to CAS, the judge did not believe him.

The next day, February 17, Salvador Ramos told the judge that an error had been made and the judge had been given wrong information. The respondent had been to CAS January 28 and several times thereafter seeking to take the test. Ramos also stated it was not CAS policy to give the test until a copy of the court order had been delivered. Ramos furnished a letter stating that fact and that a positive result on one part of the test could result from a cold tablet.

On February 25, based upon the corrected information, the court on its own motion and upon motion of respondent vacated the two orders entered on February 16—the order sentencing respondent on the heroin charge (King County No. 78568) and the order revoking suspension of sentence on the burglary charge (King County No. 66557).

Respondent, through his counsel, repeatedly requested a continuance to get proof that he had presented himself for the tests; the record shows he requested a continuance four or five times during the February 16 hearing. Respondent and his counsel were diligent.

The trial court placed the vacation of the orders on the inherent power of the court. That position may be sound. We do not, however, need to consider it because of our determination that CR 60(b)(11) controls and permits vacation of the orders under the unusual circumstances of this case. Based upon CR 60(b) we affirm the trial court and the Court of Appeals.

■■ Procedural rules adopted by the Supreme Court control and supersede legislative acts in case of difference. *See State v. Smith,* 84 Wn.2d 498, 502, 527 P.2d 674 (1974). CR 60(b) was adopted in 1967 and applies to both civil and criminal proceedings. In *State v. Sampson,* 82 Wn.2d 663, 513 P.2d 60 (1973), we said at page 665:

> To dispel any remaining uncertainty, we now hold that RCW 4.72.010 is applicable to a motion to modify or vacate a judgment in a criminal proceeding.

Here the Court of Appeals correctly concluded that the provisions of CR 60(b)—which succeed RCW 4.72.010—likewise apply to criminal as well as civil judgments. *State v. Scott,* 20 Wn. App. 382, 386–87, 580 P.2d 1099 (1978). Thus, the addition of subsection (11) to the rule is significant. CR 60(b) provides in part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (11) Any other reason justifying relief from the operation of the judgment.

The Court of Appeals recently said in *Morgan v. Burks,* 17 Wn. App. 193, 197, 563 P.2d 1260 (1977), a case decided under CR 60(b)(11):

> It has long been the rule in Washington, both under prior statute [RCW 4.72.010], and now by court rule, that motions to vacate or for relief from judgments are addressed to the sound discretion of the trial court, whose judgment will not be disturbed absent a showing of a clear or manifest abuse of that discretion.

(Footnote and citations omitted.) In the instant case there was good reason for the vacation of the judgment and no abuse of discretion.

Finally, some mention should be made of *State v. Sampson,* 82 Wn.2d 663, 513 P.2d 60 (1973). The facts of that case were substantially different from the facts of the instant case. Further, CR 60(b) was not considered in that case so the court acted without the benefit of subsection (11) of that rule which controls here.

Because of the result reached herein, we find it unnecessary to consider any of the other matters argued. We, therefore, affirm the trial court and the Court of Appeals.

UTTER, C.J., and ROSELLINI, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.

STAFFORD, J., concurs in the result.