[No. 8750–9–I.   Division One.   August 17, 1981.]

THE STATE OF WASHINGTON, *Respondent*, v. MARK BUGAI, *Appellant*.

*Leen & Moore, Inc., P.S.*, and *Bradford G. Moore*, for appellant.

*Russ Juckett, Prosecuting Attorney*, and *Linda S. Antonik, Deputy*, for respondent.

WILLIAMS, J.—The State accused Mark Bugai of first degree theft and forgery. In a trial to the court without a jury, he was found guilty of both crimes and appeals, asserting that his waiver of a jury was invalid and that he did not receive effective assistance of counsel. We affirm.

The waiver of a jury, required to be in writing by CrR 6.1(a), was filed at the end of closing arguments on the second day of trial when the court noted that there was none in the record. The following occurred:

MR. NEAL [Defense Counsel]: I will take care of that, Your Honor.

Ms. ANTONIK [Deputy Prosecuting Attorney]: But perhaps the Defendant can indicate at this time his desire to so waive on the record.

MR. NEAL: Mark Bugai, do you waive a jury, request for a jury, is that correct?

THE DEFENDANT: Yes, sir.

MR. NEAL: We have discussed the right, your right to have a jury?

THE DEFENDANT: That's correct.

MR. NEAL: And you feel that, upon my recommendation, that a waiver of a jury and have all issues tried before a judge is proper and your decision, is that right?

THE DEFENDANT: That's correct.

THE COURT: For the record then, I would like a form completed for the file.

MR. NEAL: Yes.

■ Bugai argues that the waiver he then signed with the court's written consent was too late. Because of the constitutional guaranty of trial by jury, the record must show that the waiver of a jury by the accused was knowingly, intelligently and voluntarily made. *State v. Forza,* 70 Wn.2d 69, 422 P.2d 475 (1966). CrR 6.1 incorporates this principle, but there is no requirement that the written waiver be filed at any particular time. Bugai and his counsel did discuss the right of trial by jury at some point and, from the outset, proceeded with the trial to the court sitting without a jury. In *State v. Wicke,* 91 Wn.2d 638, 591 P.2d 452 (1979), no jury waiver was filed, but the court said at page 646:

On those occasions when the rule [CrR 6.1(a)] is inadvertently overlooked, however, it is counsel's obligation to bring the matter to the attention of the trial court if that particular error is to be preserved for use on appeal.

In this case, the court caught the inadvertence, and Bugai's

statement in open court that it was his desire to waive a jury trial and his written waiver were made a part of the record.

A much more difficult question arises from Bugai's assertion that his trial counsel was ineffective because he did not contact prospective witnesses essential to his defense, and, of equal concern, coerced him into signing the waiver. Bugai does not rely upon the record to support these accusations, but upon affidavits appended to his opening brief. He asks that we reverse his conviction upon the basis of these documents which contain information never shown to the trial court.

■ In accomplishing its work, this court must confine itself to the record for knowledge of the case.

We first note the oft–repeated rule that cases on appeal are decided only from the record, and "[i]f the evidence is not in the record it will not be considered." *State v. Wilson*, 75 Wn.2d 329, 332, 450 P.2d 971 (1969). *Grobe v. Valley Garbage Serv., Inc.*, 87 Wn.2d 217, 228–29, 551 P.2d 748 (1976). *Accord, State v. Loux*, 24 Wn. App. 545, 548, 604 P.2d 177 (1979).

■ Alternatively, Bugai proposes that the case be remanded for a factual determination of defense counsel's incompetence. Under current practices, a person charged with crime is protected from incompetent counsel by an integrated bar, experienced trial judges, a complete review of the entire record by an appellate court, and in an extraordinary case a full factual hearing in a personal restraint petition proceeding. RAP 16.3. The procedure provided by that rule is admirably suited to litigate claims of lawyer incompetence based upon alleged facts outside of the record. *State v. King*, 24 Wn. App. 495, 601 P.2d 982 (1979). The question is much too important for the defendant, and the lawyer as well, to be considered as an adjunct to the main trial.

The judgment is affirmed.

DURHAM, J., concurs.

RINGOLD, A.C.J. (dissenting)—I agree with the majority that the claim of ineffective assistance of counsel is an important issue. I cannot agree that the personal restraint petition "is admirably suited" to resolve this important issue when the claim is based on matters outside the record. There is a more expeditious and just procedure that this court should adopt.

Bugai alleges that he consistently demanded a jury trial but that he was coerced into a jury waiver by his counsel. If true, this could demonstrate ineffective assistance of counsel and denial of a fair and impartial trial. His allegation is arguably corroborated by the record because the jury waiver was not filed until the close of final argument and the verbatim report reveals no personal examination of Bugai by the trial court concerning his waiver. If his counsel were the source of coercion, counsel's examination of Bugai at the time of waiver would be insufficient to assure that the defendant acted voluntarily.[1]

Previously, we have recognized two ways to break the vicious circle of an inadequate record created by alleged ineffective counsel. First, if the defendant secures new counsel before judgment, he can pursue the issue in a motion for a new trial. Second, when new counsel is not secured until after judgment, the defendant must file a personal restraint petition and seek a hearing on his claim

---

[1]The colloquy engaged in immediately before the excerpt quoted by the majority also indicates that the waiver form was possibly not signed until November 29 even though the signature date was November 28.

THE COURT: May I have the exhibits, please? Counsel, for the record, we have not had a stipulation of fact that the jury was waived in this trial.

Ms. ANTONIK: I thought Counsel filled that out in Presiding. Do we have a form?

THE COURT: Has that been signed?

MR. NEAL: No, I don't think so.

THE COURT: Will you sign it when one is prepared and for the record waive the jury trial at this time?

MR. NEAL: Yes. Isn't there a form? I thought there was a form for waiver of jury.

Ms. ANTONIK: We have them in Presiding, Your Honor.

MR. NEAL: I will take care of that, Your Honor. . . .

after completion of his appeal because we will not usually consider matters outside the record on appeal. *See State v. Wilson,* 29 Wn. App. 895 (1981); *State v. King,* 24 Wn. App. 495, 601 P.2d 982 (1979); *State v. Jury,* 19 Wn. App. 256, 576 P.2d 1302 (1978); *State v. White,* 5 Wn. App. 283, 292–93, 487 P.2d 243 (1971) (Williams, J., dissenting), *rev'd on other grounds,* 81 Wn.2d 223, 500 P.2d 1242 (1972); *State v. Humburgs,* 3 Wn. App. 31, 472 P.2d 416 (1970). The majority perpetuates this unnecessary dilemma and, by following the traditional approach, my colleagues create another vicious circle for those relegated to the uncertainty of obtaining a hearing on a personal restraint petition.

Our cases properly express a great reluctance to grant personal restraint relief because the fundamental constitutional remedy for one convicted of a crime is the process of appeal. *In re Haynes,* 95 Wn.2d 648, 628 P.2d 809 (1981). Courts also properly express considerable reluctance to find ineffective assistance of counsel because experience demonstrates that such claims, though frequently and easily made, are usually frivolous. The combination of these factors creates a small but nonetheless serious danger that a bona fide claim of ineffective assistance of counsel based on matters outside the record will slip through the cracks in the system. To assure meaningful review of a claim of ineffective assistance of counsel, we should address the merits by allowing counsel to create a record during the pendency of the appeal.

The practice of relegating the issue to a personal restraint petition was developed before recognition that CR 60(b)(11) is available for motions to vacate judgment in criminal actions. *State v. Scott,* 92 Wn.2d 209, 595 P.2d 549 (1979). When new counsel on appeal has a good faith belief that a claim of ineffective assistance of counsel exists based on matters dehors the trial court record, the appropriate procedure during pendency of the appeal is to move to

vacate under CR 60(b)(11). The motion should be pursued even while the appeal is being perfected. If a trial court were prepared to grant such a motion, the defendant would seek leave in the appellate court for the trial court to act. RAP 7.2(e). If the trial court did not grant relief, the appellate court would have a record to review. If the motion to vacate were not filed, the appellate court would not consider a claim of ineffective assistance based on matters not of record and would not remand for an evidentiary hearing based on affidavits attached to the brief or added to the appellate record. Finally, personal restraint relief would be barred in most cases because the issue could have been raised on appeal. *In re Haynes, supra.* This procedure would eliminate the dilemma facing defendants with claims based on matters beyond the record, assure consideration of just claims without delaying appellate disposition, and reduce the overall appellate workload by requiring summary rejection of this issue in most personal restraint petitions.[2]

While Bugai has not followed this procedure, we should remand his case for two reasons. First, there has been considerable uncertainty concerning the appropriate procedure in this area. Second, the affidavits attached to his brief raise a constitutional issue that is arguably corroborated by the record. *See State v. Harvey,* 5 Wn. App. 719, 491 P.2d 660 (1971). I would limit the remand to the coercion issue because I find no merit to Bugai's other claims of ineffective assistance.

For the foregoing reasons, I would remand for a hearing

---

[2]While we have the authority to direct that additional evidence be taken by the trial court before reaching our decision on the merits, my proposal eliminates the need to use this authority because of the availability of an adequate remedy through the postjudgment motion procedure. RAP 9.11(a)(4). As an alternative we could deem the CR 60(b)(11) procedure inadequate and exercise our authority to remand for a hearing. This alternative, however, is more cumbersome.

to determine whether Bugai was coerced by his defense counsel into waiving a jury trial.

Reconsideration denied October 5, 1981.

Review denied by Supreme Court December 18, 1981.