[No. 11391–7–I.   Division One.   September 26, 1983.]

*In the Matter of the Personal Restraint of*
MARK BUGAI, *Petitioner.*

*Bradford G. Moore* and *Leen & Moore, Inc., P.S.,* for petitioner.

*Seth Dawson, Prosecuting Attorney,* and *Asa Glazer, Deputy,* for respondent.

RINGOLD, J.—Mark Bugai filed a personal restraint petition in this court, which was remanded for a factual hearing to determine whether he was denied the effective assistance of counsel by his trial counsel's action with regard to his waiver of the right to a jury trial. Following the hearing the trial court entered findings of fact, conclusions of law, and an order denying Bugai's petition for new trial, from which he now appeals. We find no error, and affirm the trial court's order.

On April 28, 1980, Bugai was convicted of first degree theft and forgery in a trial to the court. *See State v. Bugai,* 30 Wn. App. 156, 632 P.2d 917 (1981). On appeal from the conviction, Bugai contended that he did not knowingly, intelligently, and voluntarily waive his constitutional right to a trial by jury. He asserted, based on affidavits attached to his appellate brief, that his counsel at trial coerced him into signing a waiver of jury trial. This court held that the signed waiver form was sufficient to show a knowing, intelligent, and voluntary waiver of jury trial, even though it was filed after the beginning of trial, and that absent a record of the alleged coercion that issue could not be considered on appeal. *State v. Bugai, supra.* The majority opinion suggested that Bugai file a personal restraint petition.

Bugai filed his personal restraint petition in the Court of Appeals on September 17, 1981. He argued that his trial counsel had coerced him into waiving his right to a jury trial, that the trial record failed to show that he voluntarily, intelligently, and knowingly waived his right to a jury trial, and that he was denied his right to effective assistance of counsel because of his attorney's alleged failure to subpoena or contact certain witnesses and to pursue a possible dismissal of the information. Pursuant to an agreed motion for remand, the matter was transferred to the Snohomish County Superior Court for hearing and entry of "findings of

fact and conclusions of law and any appropriate order on the issue of whether petitioner was denied the effective assistance of counsel by his trial counsel's action with regard to the waiver of the right to a jury trial."

The hearing was held December 4, 1981. Terrance Neal, Bugai's original trial counsel, testified as to his version of the events surrounding the waiver of jury trial. He stated that he had discussed the right to jury trial with Bugai 2 weeks prior to trial and had recommended at that time that Bugai waive his right to jury trial and that Bugai had responded that he would think about it. Neal testified that he had then told Bugai that the decision would have to be made prior to the day of trial, and that 2 days prior to trial, Bugai had indicated that he would waive the jury. The deputy prosecutor who tried the case also testified at the hearing. She stated that she had been prepared to try the case to a jury on the morning of trial.

Bugai testified that at his first meeting with Neal the possible waiver of his right to jury trial was discussed, and he had indicated that he wanted a jury trial.[1] Bugai further testified that no further discussion of a jury waiver took place until 1 day prior to trial when Neal suggested to him that they waive the jury trial in order to expedite the hearing of the case. Bugai further testified that when he reasserted his desire for a jury trial, Neal

> got a little boisterous with me and at the time I kind of backed down because I didn't know I had any options, or I didn't know what to do, so I just went with his decision. . . . [H]e pointed out to me that it would cost me anywhere from 2500 to 3500 dollars to go hire another lawyer and I only had a thousand dollars invested in him, and he said it wasn't worth his time to argue about it, that I could go look someplace else.

He further testified that just before he executed the written waiver of his right to jury trial, Neal told him not to make waves because the judge was on their side and "I might

---

[1]The omnibus hearing application also indicates that a jury would not be waived.

make the judge mad and then he might reverse his decision." When asked what his state of mind was when he signed the jury waiver, Bugai replied:

> At the time, inside—deep down inside me, I still wanted a jury trial, but I was under the assumption that we won the case and I was thinking, "Well, I can't afford to fire Mr. Neal and come back to court with another attorney just to have jurors," and I thought it would save my time and the State's time so, on the assumption that I had won the case, I followed through with his decision.

When asked at what point he first decided that the jury waiver had been a bad decision, Bugai answered: "you know, I never really released [sic] the fact that it was a bad decision, but, to put it in concrete form, not until after the verdict was passed upon me. I knew at that time that if there was some other way, I should have taken the jury." He testified that before the verdict,

> My state of mind was that I thought we won the case; maybe Mr. Neal was right: maybe we—it was better off not going in front of a jury. It was all kind of abstract at the time. I was just excited from what he told me; you know, that the judge was on our side. All I could think about was that we won.

The court on remand made the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Mark Bugai and his lawyer at trial, Terrance Neal, explained and discussed Mr. Bugai's Sixth Amendment right to trial by jury in Mr. Neal's office two weeks before trial in this action. By testimony from Mr. Neal and upon Mr. Bugai's demeanor while testifying at this remand hearing, Mr. Bugai knew and understood his right to trial by jury before waiving that right at trial.

2. Mr. Bugai was not misled or coerced by Mr. Neal in waiving his right to trial by jury, but has only hindsight regret for his decision to waive.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties and subject matter.

2. Applying every reasonable presumption against valid waiver, Mr. Bugai did make a knowing, intelligent,

voluntary waiver of his Sixth Amendment right to trial by jury.

3. Mr. Bugai's Sixth Amendment right to effective legal counsel was not abridged by jury waiver. Mr. Neal's advice upon jury waiver constituted legitimate trial tactics according Mr. Bugai a fair, impartial trial.

An order was then entered denying Bugai's petition for new trial.

Bugai contends on appeal that this court must independently review the factual record to determine whether there has been a denial of due process rights, citing *McNear v. Rhay*, 65 Wn.2d 530, 398 P.2d 732 (1965), and argues that this court should believe his version of the facts rather than that of his trial attorney.

This court will independently examine the record to determine if fundamental constitutional rights have been denied. *State v. Daugherty*, 94 Wn.2d 263, 616 P.2d 649 (1980), *cert. denied*, 450 U.S. 958 (1981). In considering credibility, however, deference will be made to the trial court, which had the opportunity to evaluate the witnesses' demeanor below. *State v. Hoyt*, 29 Wn. App. 372, 628 P.2d 515 (1981). We will review the trial court's inferences and conclusions, but not its findings as to credibility or the weight to be given evidence.

Neal testified that he explained the right to a jury trial to Bugai 2 weeks before trial, and that Bugai indicated 2 days before trial that he would waive a jury. The trial court here believed the testimony of Bugai's attorney and disbelieved Bugai, thus leading to the conclusion that no coercion took place. The propriety of the waiver itself, entered near the end of trial, has been established by this court's decision in *State v. Bugai, supra,* and may not be relitigated here. Bugai was not coerced into waiving his right to a jury trial, and was not denied the effective assistance of counsel.

Bugai further argues on appeal that he was denied the effective assistance of counsel by his attorney's failure to subpoena and call certain witnesses. This matter was beyond the scope of the remand and hearing below. Bugai

did not contest the scope of the order of remand, and no factual record has been made for this court's review.

We accordingly affirm the trial court and dismiss the personal restraint petition.

WILLIAMS and CORBETT, JJ., concur.