# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| STATE OF WASHINGTON, | ) | No. 67127-8-I |
|---|---|---|
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN A. JONES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 4, 2013 |
| | ) | |

VERELLEN, J. — Stephen Jones appeals his conviction for felony driving under the influence (DUI) and the misdemeanors of driving while license suspended or revoked in the first degree and nonfelony hit and run. Jones contends that the trial court erred by partially articulating the sentence it intended to impose before providing him the opportunity for allocution. But Jones waived any claim of error on this issue by not raising it before the trial court. Jones also contends, and the State concedes, that the trial court erroneously sentenced him to a term of imprisonment and community custody potentially greater than the statutory maximum for felony DUI. The State's concession is well taken. We affirm the conviction, but remand for correction of the term of community custody.

2013 MAR -4 AM 10: 30 COURT OF APPEALS DIV I STATE OF WASHINGTON FILED

FACTS

Early on the morning of December 5, 2009, Officer Hisel found an extensively damaged concrete barrier, fragments of concrete loose in the roadway, tire marks leading up to the damaged barrier, a reflective road safety sign that had broken off the barrier, and a black and gold car door panel.

After driving for a half mile, Officer Hisel found a black sports utility vehicle (SUV) with gold trim in a parking lot. Stephen Jones was asleep in the passenger seat. Damage to the passenger side of the SUV matched the door panel Officer Hisel found in the roadway. Broken concrete was embedded in the side of the SUV. There was sleet and ice on the ground. Officer Hisel observed that there were no footprints around the SUV. The hood and tailpipe of the SUV were still warm. Jones smelled strongly of intoxicants and had flushed skin and bloodshot eyes. He could not stand on his own, and leaned against the SUV while he talked to Officer Hisel. Jones denied being in an accident. Jones had the keys to the SUV in his pocket and his breathalyzer tests indicated blood alcohol levels of .127 and .131.

Based on his prior criminal history, Jones was charged with felony DUI, misdemeanor driving while license suspended in the first degree, and hit and run.

At trial, the parties stipulated that Jones had been convicted of four qualifying prior offenses within the previous 10 years.[1] Jones did not deny that he had been

---

[1] Under former RCW 46.61.502 (2008), a "qualifying offense" is a prior offense, committed within 10 years, for driving under the influence or other offenses committed while under the influence, including: vehicular homicide; vehicular assault; negligent driving in the first degree; reckless driving; reckless endangerment; an equivalent out-of-state conviction; or a deferred prosecution for the same offenses.

drinking, but testified that a friend was driving the car at the time of the accident. The jury convicted Jones of all three charges.

At the sentencing hearing, the judge denied Jones' motion for an exceptional sentence downward from the presumptive range. The trial court stated that it would impose a standard range sentence, and articulated a range of 55 months for felony DUI, 180 days for driving while license suspended, and 90 days for hit and run. The trial court then began to enumerate sentencing conditions and costs it would impose. While detailing its intended sentence, the trial court realized that Jones had not yet had the opportunity to allocute. The trial court then invited Jones to do so, stating:

> And I did not give Mr. Jones an opportunity to allocute, so I will do that at this time. Mr. Jones, you have this opportunity, if you would like, to speak with the court. You are not required to say anything, but if you would like, you may.[2]

Jones made the following statement to the court:

> Yes, um, I would just like to thank the court for allowing the exceptional amount of time this case has taken. I really appreciate the fact that I feel I was treated fairly, and that the court considered so many different aspects of this case. I would like to say, for the record, at no point did I ever waive my rights to Officer Hisel. I made no admissions to him at any point. And, um, I only printed my name because I did not have any way to read the documents that he was giving me, and I do not believe that I formally waived my rights by printing part of my name on a document that I could not read. And I would just like to say that I thank the court for its time.[3]

The judge responded:

> Thank you, Mr. Jones. The court, having heard the defendant allocute, imposes the sentence as previously stated, which is 55 months on the DUI, 365 days in DWLS, with 185 days suspended, and 90 days on the hit and run to run consecutive, suspended for twelve months.[4]

---

[2] Report of Proceedings (Apr. 15, 2011) at 86.

[3] Id. at 86-87.

[4] Id. at 87.

Jones appeals.

## DISCUSSION

### *Allocution*

Jones contends the trial court erred by depriving him of his statutory right of allocution by not allowing him to speak before the court first announced its intended sentence. Although the trial court began to tell Jones what sentence it was inclined to impose, the court quickly recognized that it had not yet given him the opportunity for allocution. The court then properly allowed Jones to allocute before imposing sentence.

A defendant has a statutory right to allocution at sentencing.[5] But if a trial court fails to solicit a defendant's statement before imposing sentence, the defendant must object in order to preserve a claim of error.[6]

Jones waived any error by failing to object. The Washington Supreme Court decision in State v. Hatchie controls.[7] There, the trial court announced its sentence before giving the defendant a chance to speak.[8] The defendant did not object or request an opportunity to speak before the oral sentence.[9] Concluding that the defendant waived the issue by failing to object, the court refused to consider Hatchie's

---

[5] RCW 9.94A.500 (1) provides, in part, that at a sentencing hearing "[t]he court shall consider the risk assessment report and presentence reports, if any, including any victim impact statement and criminal history, and allow arguments from the prosecutor, the defense counsel, the offender, the victim, the survivor of the victim, or a representative of the victim or survivor, and an investigative law enforcement officer as to the sentence to be imposed."

[6] State v. Hatchie, 161 Wn.2d 390, 405, 166 P.3d 698 (2007); RAP 2.5(a)(3).

[7] 161 Wn.2d 390, 166 P.3d 698 (2007).

[8] Id. at 405-06.

[9] Id.

4

challenge to the timing of the allocution.[10] The same analysis applies here. Because Jones failed to object below, he has not preserved the issue for appeal, and his challenge fails.

*Statement of Additional Grounds for Review*

In his pro se statement of additional grounds for review, Jones contends he was denied his right to effective assistance of counsel under the Washington Constitution article I, section 22 and the Sixth Amendment to the United States Constitution. We disagree.

To determine whether a defendant is entitled to relief based upon the ineffective assistance of trial counsel, Washington uses the two-part test articulated in Strickland v. Washington.[11] The defendant must first show that counsel's performance was deficient.[12] The defendant must then show that this deficient performance prejudiced the defense, such that the result of the trial was unreliable.[13] The second prong may be proven by showing that, but for counsel's errors, there is a reasonable probability that the outcome of the trial would have been different.[14] This court engages in a strong presumption that counsel's representation was effective, and legitimate trial strategy or tactics cannot be the basis for a claim of ineffective assistance of counsel.[15] The

---

[10] Id. The Supreme Court also has refused to consider a challenge to a complete failure to offer an opportunity for allocution where the defendant did not object in the trial court. State v. Hughes, 154 Wn.2d 118, 153, 110 P.3d 192 (2005), overruled on other grounds, Washington v. Recuenco, 548 U.S. 212, 126 S. Ct. 2546,165 L. Ed. 2d 466 (2006); accord State v. Ague-Masters, 138 Wn. App. 86,109-10,156 P.3d 265 (2007).

[11] 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[12] State v. Cienfuegos, 144 Wn.2d 222, 226, 25 P.3d 1011 (2001).

[13] Id. at 226-27 (quoting Strickland, 466 U.S. at 687).

[14] Id. at 229.

5

presumption of effective representation can be overcome only by a showing of deficient representation based on the record established in the proceedings below.[16]

Jones first contends that his counsel failed to make a motion to suppress his statements, and that there was a reasonable probability such a motion would have been granted. Jones appears to argue that his counsel should have moved to suppress his statements because the arrest that led to his formal statement was not supported by probable cause. Jones argues that his attorney was not sufficiently prepared at the time of the suppression hearing, and failed to highlight apparent discrepancies between Officer Hisel's account of events and the other evidence.[17]

The record reveals that Jones' counsel argued for suppression of his statements to police by responding to the State's motion to admit his statements pursuant to CrR 3.5. Jones' counsel argued that the statements should have been excluded because Jones was "in custody" once Office Hisel challenged Jones' account of events and began "interrogating" him while the two men talked in the parking lot, long before Jones was given Miranda[18] warnings. Counsel's arguments were rooted in relevant

---

[15] State v. Garrett, 124 Wn.2d 504, 520, 881 P.2d 185 (1994).

[16] State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995); State v. Thomas, 109 Wn.2d 222, 226, 743 P.2d 816 (1987).

[17] Jones contends that his counsel was better prepared at trial and effectively undermined Officer Hisel's testimony by illuminating these apparent discrepancies during cross-examination. Specifically, during trial, defense counsel elicited Officer Hisel's statements that there were no photographs that showed sleet on the ground; that he did not write down Jones' purported remarks from the parking lot until hours later; that he apparently misremembered when a backup police officer arrived; and he did not check the driver's side headrest for signs of another driver's hair. See RP (Nov. 18, 2010) at 107-09, 118-21.

[18] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

case law, applied to the specific facts of Jones' case.[19] Jones fails to demonstrate that his counsel's approach was anything other than a reasonable strategic decision.

Jones also argues that in questioning Officer Hisel, defense counsel "fail[ed] to test the adversarial process" by referring to potentially incriminating physical evidence and statements by Jones that were "not substantiated" by other evidence.[20] But Jones cites no authority that defense counsel violated his right to effective representation by purportedly asking misleading questions. Jones fails to show that his counsel's decision to challenge to the admissibility of his pre-Miranda statements rather than the existence of probable cause was an unreasonable strategic decision. To the extent that Jones' argument refers to facts outside the record on appeal regarding his conversations with his trial counsel, such evidence can only be considered as part of a personal restraint proceeding where evidence can be received.[21]

Jones also appears to argue that his statements to Officer Hisel were not voluntarily given, that he never intelligently waived his Miranda rights, and that Officer Hisel interfered with his ability to contact his attorney. But these issues were the subject of the trial court's findings of fact and conclusions of law entered in the CrR 3.5 hearing, which Jones does not challenge. "Unchallenged findings of fact entered following a

---

[19] Moreover, the record reveals a substantial basis for finding probable cause and denying a motion to suppress, including the condition of the car and the concrete barrier, Jones' presence in the car, and his intoxication.

[20] Statement of Additional Grounds.

[21] State v. Bugai, 30 Wn. App. 156, 158, 632 P.2d 917 (1981); State v. King, 24 Wn. App. 495, 505, 601 P.2d 982 (1979).

7

suppression hearing are verities on appeal."[22] Further, "conclusions entered by a trial court following a suppression hearing carry great significance for a reviewing court."[23]

The trial court specifically found that Jones "did acknowledge and understand his Miranda [w]arnings," that "the Miranda warnings given by Officer Hisel were sufficient to advise the defendant of his rights," and that Jones "voluntarily waived his rights before making statements."[24] Although the court found that Officer Hisel "dialed the number" Jones gave for his attorney and "the defendant did not speak to [his attorney] for unknown reasons," the court found that Jones' request to speak with an attorney was unequivocal, and excluded his subsequent statements.[25] Because the unchallenged findings of fact support the trial court's legal conclusions, Jones fails to demonstrate a basis for relief on appeal.

*Sentencing*

Jones next asserts, and the State concedes, that the trial court erred by imposing a term of community custody that exceeded the statutory maximum sentence for felony DUI, in contravention of RCW 9.94A.701(9).[26] The State's concession is well-taken.[27]

---

[22] State v. Gaines, 154 Wn.2d 711, 716, 116 P.3d 993 (2005).

[23] State v. Collins, 121 Wn.2d 168, 174, 847 P.2d 919 (1993).

[24] Clerk's Papers at 44.

[25] Clerk's Papers at 43.

[26] The controlling statute, RCW 9.94A.701(9), provides that "[t]he term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021."

[27] A court may not impose a sentence for which the combined total of confinement and community custody exceeds the statutory maximum. RCW 9.94A.505(5).

The court sentenced Jones to 55 months on the felony DUI, with 12 months of community custody. Felony DUI has a statutory maximum of 60 months.[28] Although the trial court made a notation that "[c]ommunity custody will be a term . . . for a period of earned early release not to exceed the statutory maximum sentence," such a notation is not sufficient to comply with RCW 9.94A.701(9). The trial court, not the Department of Corrections, is required to reduce an offender's term of community custody to ensure that the total sentence is within the statutory maximum.[29]

We affirm the conviction on all counts, but remand for correction of the community custody term in the judgment and sentence.

WE CONCUR:

---

[28] Former RCW 46.61.502 (2008); former RCW 46.61.5055 (2008) (in effect at time of offense); former RCW 46.61.5055 (2010) (in effect at time of sentencing).

[29] State v. Boyd, 174 Wn.2d 470, 473, 275 P.3d 321 (2012).