**STATE of Minnesota, Respondent,**

v.

**Dennis L. WHITLEY, Appellant.**

**No. A03–725.**

Court of Appeals of Minnesota.

July 20, 2004.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Jean E. Burdorf, Assistant County Attorney, Minneapolis, MN, for respondent.

John M. Stuart, State Public Defender, Ann McCaughan, Assistant State Public Defender, Minneapolis, MN, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge, HALBROOKS, Judge, and FORSBERG, Judge.*

---

## OPINION

KLAPHAKE, Judge.

Appellant Dennis L. Whitley seeks review of his conviction and sentence for fourth-degree criminal sexual conduct, arguing that the evidence was not sufficient to prove force or coercion, as required by Minn.Stat. § 609.345, subd. 1(c) (2002). Appellant further argues that although he waived his right to a jury trial on the criminal conviction, his due process rights were violated when the district court enhanced his sentence without informing him of his right to have a jury determine whether he committed a predatory offense or without obtaining a knowing and intelligent waiver of that right. Lastly, appellant asserts that imposition of a 40–year sentence was disproportionate to the seriousness of his conduct.

Viewed in the light most favorable to the verdict, we conclude that the evidence was sufficient to prove appellant guilty beyond a reasonable doubt of fourth-degree criminal sexual conduct; we therefore affirm appellant's conviction. But because the district court failed to inform appellant of his right to have a jury determine whether he committed a predatory offense and because appellant's jury trial waiver did not explicitly include a waiver for purposes of sentencing enhancement, we reverse the imposition of a 40–year sentence as unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and remand for sentencing not inconsistent with the United States Supreme Court's recent decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, —— L.Ed.2d —— (2004).

## FACTS

On February 18, 2002, L.S., a young woman, was jogging along the Mississippi River. Appellant, who was riding a bike, attempted to engage her in conversation, making several suggestive remarks about her appearance. When L.S. refused to talk to him, appellant rode off in another direction, accosting a second woman, M.G. A short time later, in a deserted area, L.S. had the feeling that someone was following her. Appellant caught up to her and grabbed her buttocks and genital area. L.S. was afraid she was going to be raped. She pushed appellant away and ran toward some other people, who lent her a cell phone to call police. When police arrived, L.S. was shaken and crying.

Based on the description of the attacker given by L.S. and M.G., police conducted a database search for anyone whose history included this type of incident and who matched the physical description. Appellant was the only person who matched these criteria. L.S. identified appellant

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

immediately in a photographic lineup. Learning that he was a suspect, appellant turned himself in.

By amended complaint, appellant was charged with fourth-degree criminal sexual conduct and failure to register as a sex offender. Appellant pleaded guilty to the failure to register charge and waived his right to a jury trial on the fourth-degree criminal sexual conduct charge. After this waiver was entered into the record, the state asked for hearing on its motion to seek sentencing enhancement under Minn. Stat. § 609.108, subds. 1, 2 (2002). Although a discussion of sentencing enhancement ensued, appellant was not informed of his right to have a jury determine issues related to enhancement or asked to waive his right to a jury trial on that issue.

At the subsequent court trial, L.S. testified that she was frightened during the attack and that appellant had used force. She testified that the contact "hurt" and that appellant grabbed "a sensitive area." The investigating officer testified that he inferred the sexual contact was painful because of the sensitivity of the genital area. The district court found that L.S. experienced fear and some pain during the contact and found appellant guilty of fourth-degree criminal sexual conduct.

A hearing was set to determine whether appellant was a patterned sex offender under Minn.Stat. § 609.108. At this hearing, three of appellant's former victims testified, as well as Dr. Bruce Renken, a clinical psychologist, and Stephen Huot, the director of sex offender services for the Department of Corrections. Over appellant's objections to Dr. Renken's credentials, which included 39 assessments of offenders but only one of a patterned sex offender, Dr. Renken testified that appellant is likely to re-offend and meets the statutory criteria of Minn.Stat. § 609.108. Huot testified that appellant failed to complete sex offender programming during his previous incarceration. The state argued that appellant fit the profile of a patterned sex offender, citing his nine known victims since he turned 15 years old and his lack of motivation to change his behavior.

The district court found that appellant is a patterned sex offender and that he committed a predatory crime motivated by his sexual impulses. The court sentenced him to 40 years, the statutory maximum under Minn.Stat. § 609.108, subds. 1, 2. This sentence is significantly greater than either the presumptive guidelines sentence of 57 months, given appellant's criminal history score of eight, or the statutory maximum for fourth-degree criminal sexual conduct, without enhancement, of 10 years. *See* Minn.Stat. § 609.345, subd. 2 (2002).

## ISSUES

1. Is the evidence sufficient to sustain appellant's conviction for fourth-degree criminal sexual conduct?

2. Were appellant's due process rights violated by failure to obtain a knowing and intelligent waiver of his right to a jury trial on the sentencing enhancement?

## ANALYSIS

### 1. Sufficiency of the Evidence

This court limits its review of a claim of insufficiency of the evidence to ascertaining whether, from the facts in the record and any legitimate inferences drawn from them, a jury could reasonably conclude that the defendant was guilty of the charged offense beyond a reasonable doubt. *State v. Atkins,* 543 N.W.2d 642, 646 (Minn.1996). The evidence must be viewed in the light most favorable to the verdict, and it must be assumed that the jury believed the state's witnesses and disbelieved any evidence to the contrary. *Id.* This standard of review also is used where

the defendant has waived a jury trial and the district court is the factfinder. *See State v. Oanes,* 543 N.W.2d 658, 660, 661 (Minn.App.1996).

▆▆▆ Appellant was convicted of fourth-degree criminal sexual conduct, which occurs when "[a] person ... engages in sexual contact with another person [and] the actor uses force or coercion to accomplish the sexual contact." Minn. Stat. § 609.345, subd. 1(c) (2002). "Coercion" means "words or circumstances that cause the complainant reasonably to fear that the actor will inflict bodily harm upon ... the complainant ... or force the complainant to submit to sexual penetration or contact, but proof of coercion does not require proof of a specific act or threat." Minn.Stat. § 609.341, subd. 14 (2002). "Force" is defined as

> the infliction, attempted infliction, or threatened infliction ... of bodily harm or commission or threat of any other crime by the actor against the complainant ... which (a) causes the complainant to reasonably believe that the actor has the present ability to execute the threat and (b) if the actor does not have a significant relationship to the complainant, also causes the complainant to submit.

*Id.,* subd. 3. The coercion or use of force need not precede the sexual contact, but can occur "when an actor coerces a complainant so as to cause her fear while accomplishing sexual contact." *State v. Middleton,* 386 N.W.2d 226, 230 (Minn. 1986).

L.S. testified that during the attack, "I thought I was dead. I thought I was going to be raped. There's a little waterfall area right in that area. I thought he was going to push me over there and have his way." On cross-examination, she described the sexual contact as a "grabbing" and stated that "it hurt."

The district court made detailed findings following the close of testimony. In particular, the court found coercion in the following facts: (1) appellant's remarks to L.S. were inappropriate and the kind of remarks that "particularly raise in the minds of a lone female foreboding"; (2) the fact that L.S. started to sprint to get away from appellant indicates the level of fear she had; and (3) appellant's approach to L.S. was "coercive in that it, to any normal person, would send at least a subliminal message that 'your failure to comply with my wishes would not be in your best interests.'" The district court made a specific finding that L.S. was a credible and accurate witness. The court further found that L.S. was credible when she described the sexual contact as painful, relying on her testimony that appellant "grabb[ed] and forcefully manipulat[ed]" her genitals "for several seconds." The district court concluded that the sexual contact was "forceful and coercive" and "by force this woman was deprived of the possession of a part of her body."

Viewing the testimony in the light most favorable to the verdict and considering that the district court found the complainant to be a credible witness, we conclude that sufficient evidence was presented to sustain a finding of fourth-degree criminal sexual conduct. We therefore affirm appellant's conviction.

### 2. Enhanced Sentencing

▆▆▆ Under Minn.Stat. § 609.108, subd. 1 (2002), the court "shall" impose a sentence at least double the presumptive sentence and not more than the statutory maximum, if "(1) the court is imposing an executed sentence" of a violation of Minn. Stat. § 609.345; "(2) the court finds the offender is a danger to public safety"; and "(3) the court finds [based on a profession-

al assessment by an experienced examiner] that the offender needs long-term treatment ... beyond the presumptive term of imprisonment and supervised release." A sentence imposed under this section is a departure from the sentencing guidelines. Minn.Stat. § 609.108, subd. 5 (2002).

Minn.Stat. § 609.108, subd. 2 (2002), states that "[if] the factfinder determines, at the time of the trial or the guilty plea, that a predatory offense was motivated by, committed in the course of, or committed in furtherance of sexual contact or penetration ... and the court is imposing a sentence under subdivision 1," the statutory maximum is 40 years, despite the maximum penalty otherwise provided for the offense.

In *Apprendi,* the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. at 2362–63. The Minnesota Supreme Court adopted the *Apprendi* holding in *State v. Grossman,* 636 N.W.2d 545, 550–51 (Minn.2001).

In *Grossman,* the supreme court stated that although the factors of Minn.Stat. § 609.108, subd. 1, are traditionally left to the court to determine when sentencing a defendant, under subdivision 2, the factfinder must find that the defendant's predatory crime was motivated by or committed in the course of or furtherance of sexual contact. *Id.* at 549–51. Thus, the court in *Grossman* determined that increasing the statutory maximum to 40 years is unconstitutional under *Apprendi* unless a jury or factfinder specifically finds beyond a reasonable doubt that the conditions of subdivision 2 are met. *Id.* at 550.

Although appellant waived his right to a jury trial on the criminal charge, he did not make an explicit waiver of his right to have a jury consider the issue of sentencing enhancement nor was he informed that the factfinder, whether court or jury, had to make a finding that he committed a predatory offense motivated by sexual contact or penetration before an enhanced sentence could be imposed. Our supreme court recently affirmed that "[d]ue process ... requires that each of these findings be made by a jury based on proof beyond a reasonable doubt." *O'Meara v. State,* 679 N.W.2d 334, 340 (Minn.2004).

A defendant may waive the right to a jury trial, but the waiver must be knowing, intelligent, and voluntary. *State v. Ross,* 472 N.W.2d 651, 653 (Minn.1991). From the record before us, it is not clear that appellant understood that he faced a sentence of 40 years, rather than the presumptive 57 months, or that he had the right to have a jury determine whether the factors permitting enhancement were proved beyond a reasonable doubt. We conclude that appellant did not effectively waive his right to have a jury determine whether he committed a predatory offense. We therefore reverse appellant's sentence under Minn.Stat. § 609.108, subd. 2. In light of the United States Supreme Court's recent opinion, *Blakely v. Washington,* ___ U.S. ___, 124 S.Ct.2531, ___ L.Ed.2d ___ (2004), we remand this matter to the district court for sentencing not inconsistent with that opinion.

## DECISION

Viewing the evidence in the light most favorable to the verdict, there is sufficient evidence to sustain appellant's conviction for fourth-degree criminal sexual conduct. But because appellant did not make a knowing and intelligent waiver of his right to have a jury determine whether his sentence could be enhanced under Minn.Stat.

§ 609.108, subd. 2, we reverse the 40–year enhanced sentence and remand for sentencing not inconsistent with *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, —— L.Ed.2d —— (2004).

**Affirmed in part, reversed in part, and remanded.**