102 P.3d 183 (2004)
STATE of Washington, Respondent,
v.
Escolastico Casey BORBOA, Appellant.
No. 30330-2-II.
Court of Appeals of Washington, Division 2.
December 7, 2004.
*184 David Schultz, Attorney at Law, Camas, WA, for Appellant.
Scott Douglas Jackson, Attorney at Law, Vancouver, WA, for Respondent.

PUBLISHED IN PART
MORGAN, A.C.J.
The main question in this appeal is whether a sentence imposed under RCW 9.94A.712 is subject to the Sixth Amendment right to jury trial as interpreted in Apprendi v. New Jersey[1] and Blakely v. Washington.[2] Answering yes, we affirm in part and reverse in part.
RCW 9.94A.712 applies when a non-persistent offender is sentenced for specified crimes that include first degree rape and first degree kidnapping with sexual motivation, *185 but not second degree assault of a child.[3] When RCW 9.94A.712(3) applies, it requires the trial court to impose both a "maximum term" and a "minimum term." The maximum term shall consist "of the statutory maximum sentence for the offense." The minimum term shall be "within the standard sentence range for the offense, or outside the standard sentence range pursuant to RCW 9.94A.535, if the offender is otherwise eligible for such a sentence."[4] Under RCW 9.94A.535, a sentence outside the standard range must be based on "substantial and compelling reasons" that were not considered when the standard range was set,[5] including but not limited to a finding of sexual motivation under RCW 9.94A.835.[6]
When the trial court's standard or exceptional minimum term expires, the Indeterminate Sentence Review Board "shall order the offender released, under such affirmative and other conditions as the board determinates appropriate, unless the board determines... that the offender will commit sex offenses if released[,]" in which case the Board "shall establish a new minimum term, not to exceed an additional two years."[7] If the offender violates the Board's conditions while on release, the Board "may transfer the offender to a more restrictive confinement status to serve up to the remaining portion of the sentence."[8]
As this summary shows, RCW 9.94A.712 has three essential features. First, it requires the sentencing court to set a minimum term that may be standard or exceptional. Second, it permits the Indeterminate Sentence Review Board to set a second minimum term which, if imposed, takes effect at the end of the court's minimum term. Third, it requires the sentencing court to set a maximum term that equals the statutory maximum sentence. The defendant must serve each minimum term that is imposed, but he need not serve the maximum term unless the minimum terms happen to equal it. Instead of being a sentence that the defendant must actually serve, the maximum term is merely a limitation on the combined total of the court's and the Board's minimum terms. Indeed, it is a limitation that simply reiterates in the context of RCW 9.94A.712 what is already in the statutes elsewhere: that in general neither the court nor the Board shall maintain jurisdiction over the defendant for more than life if the crime is a Class A felony, for more than ten years if the crime is a Class B felony, or for more than five years if the crime is a Class C felony.[9]
Against this backdrop, a jury convicted Escolastico C. Borboa of first degree kidnapping (Count I), second degree assault of a child (Count II), and first degree rape of a child (Count III). The jury also returned a *186 special finding that he had committed the kidnapping (Count I) with sexual motivation.
The trial court sentenced under RCW 9.94A.712 on all three counts. It found that Borboa had acted with deliberate cruelty; that the victim had been particularly vulnerable due to her extreme youth; and that Borboa's standard ranges were 77-102 months on Count I, 51-68 months on Count II, and 138-184 months on Count III.[10] On each of the three counts, the court imposed an exceptional minimum term of 600 months and a maximum term of life.[11] The minimum on each count was based on the judge's findings of deliberate cruelty and particular vulnerability, and the minimum on Count I was additionally based on the jury's finding of sexual motivation.
On appeal, Borboa asserts that the trial court violated his Sixth Amendment right to jury trial as interpreted in Apprendi and Blakely. The State responds that the Sixth Amendment right to jury trial as interpreted in Apprendi and Blakely could not have been violated because it does not apply to sentences imposed under RCW 9.94A.712. The State further responds that even if the Sixth Amendment does apply, it was waived here. We examine whether the Sixth Amendment applies before addressing whether it was waived.

Applicability
The Sixth Amendment guarantees the right to jury trial. Applicable to the States through the Fourteenth Amendment's Due Process Clause,[12] it provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed...."
Apprendi construed this right to jury trial. The defendant pleaded guilty to second degree possession of a firearm for an unlawful purpose. That crime carried "a penalty range of 5 to 10 years,"[13] which could be increased to "between 10 and 20 years" if the sentencing judge found that the defendant's motivation was racial.[14] The sentencing judge made such a finding and sentenced the defendant to 12 years. The question on appeal was whether such a finding could be made by the judge, or whether it had to be made by a jury. Answering that it had to be made by a jury, the United States Supreme Court reversed. It held that a legislature cannot constitutionally "remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed."[15] "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[16]
Blakely also construed the Sixth Amendment's right to jury trial. The defendant pleaded guilty to kidnapping with a firearm. His standard range was 49-53 months, and his statutory maximum term was 10 years. The trial judge imposed an exceptional sentence of 90 months based on his own finding that the defendant had acted with deliberate cruelty.[17]Apprendi had already held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[18] The new question was whether "the prescribed *187 statutory maximum" for Apprendi purposes was the top of the standard range (53 months)[19] or the statutory maximum term (120 months).[20] Reversing, the United States Supreme Court held that "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict"  "[i]n other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."[21] Since 53 months was the most the trial judge could have imposed based only on the findings of the jury, he had erred by imposing 90 months.
Together, Apprendi and Blakely clarify how the Sixth Amendment's right to jury trial is satisfied. Before Apprendi and Blakely, the right was satisfied so long as the jury found all the elements of the crime as defined by the legislature.[22] After Apprendi and Blakely, the right is satisfied only if the jury finds all the facts needed to support the sentence that the defendant actually must serve, whether or not those facts are elements of the crime.
In clarifying the Sixth Amendment's right to jury trial, Apprendi and Blakely do not affect the trial judge's ability to impose either a standard range minimum term or a maximum term under RCW 9.94A.712; so long as the jury finds each element of the crime, which it does by returning a general verdict of guilty, it finds each fact needed to support both a standard range minimum term and a maximum term. In clarifying the Sixth Amendment's right to jury trial, however, Apprendi and Blakely significantly change the trial judge's ability to impose an exceptional minimum term under RCW 9.94A.712. RCW 9.94A.712 provides that an exceptional minimum term must meet the requirements of RCW 9.94A.535. RCW 9.94A.535 provides that the facts needed to support an exceptional term are not just the elements of the crime, but must include one or more aggravating facts that are not elements of the crime.[23] Necessarily then, the jury does not find each fact needed to support an exceptional minimum term simply because it returns a general verdict of guilty  and without jury findings, an exceptional minimum term violates the Sixth Amendment's right to jury trial.
The State argues that if the trial court can impose a maximum term, it necessarily can impose a shorter minimum term, regardless of whether that minimum is standard or exceptional. Apprendi and Blakely, however, require that the jury find each fact needed to support the sentence that the defendant actually must serve. Under RCW 9.94A.712, that sentence is the court's standard or exceptional minimum term; it is not the court's maximum term, for that merely limits the combined total of the court's and the Board's minimum terms. Here then, Apprendi and Blakely required that the jury find each fact needed to support the court's exceptional minimum term, even though the trial court also imposed a maximum term that limited the combined total of the court's and the Board's minimum terms.
According to the State, the Sixth Amendment's right to jury trial does not affect an exceptional minimum term imposed under RCW 9.94A.712 because it "applies only to maximum sentences."[24] According to Blakely *188 itself, however, the relevant sentence is the longest one supported by the jury's findings of fact. It does not matter whether the sentence is labeled "minimum," "maximum," or something else. Indeed, when the Blakely Court faced this argument, it simply relabeled the longest sentence supported by the jury's findings (53 months) as "the statutory maximum for Apprendi purposes"[25]  despite the Washington Legislature's having provided for a statutory maximum of 120 months.
The State relies on McMillan v. Pennsylvania[26] and Harris v. United States,[27] but its reliance is misplaced. In McMillan, a state statute required that a defendant convicted of a felony be sentenced to a maximum of 7, 10, or 20 years, depending on the offense.[28] Another state statute required that the defendant be sentenced to a minimum of five years if the sentencing judge found by a preponderance that the defendant had "visibly possessed a firearm" during the commission of his crime.[29] McMillan and three others claimed that the judge could not constitutionally impose the minimum mandated by § 9712 unless the judge made the required finding beyond a reasonable doubt. Disagreeing, the United States Supreme Court stated:
Section 9712 neither alters the maximum penalty for the crime committed nor creates a separate offense calling for a separate penalty; it operates solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it without the special finding of visible possession of a firearm.[30]
In Harris, the defendant was convicted under a federal statute that required the sentencing judge to impose a stated minimum term if the judge found that the defendant had "brandished" a gun during the commission of his crime.[31] The sentencing judge made the finding and imposed the required minimum. A majority of five Justices (Kennedy, Rehnquist, O'Connor, Scalia, and Breyer) framed the "principal question" as "whether McMillan stands after Apprendi."[32] The Justices reasoned, however, in groups of four, four, and one. The first group of four (Kennedy, O'Connor, Rehnquist, and Scalia) opined:

McMillan and Apprendi are consistent because there is a fundamental distinction between the factual findings that were at issue in those two cases. Apprendi said that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime  and thus the domain of the jury  by those who framed the Bill of Rights. The same cannot be said of a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum), for the jury's verdict has authorized the judge to impose the minimum with or without the finding.[33]
Thus, the first group of four concluded:
In light of the foregoing, it is not surprising that the decisions for the Court in both Apprendi and Jones[34] insisted that they were consistent with McMillan  and that a distinction could be drawn between facts increasing the defendant's minimum sentence and facts extending the sentence beyond the statutory maximum. That distinction may continue to stand. The factual finding in Apprendi extended the power of the judge, allowing him or her to impose a punishment exceeding what was authorized *189 by the jury. The finding in McMillan restrained the judge's power, limiting his or her choices within the authorized range. It is quite consistent to maintain that the former type of fact must be submitted to the jury while the latter need not be.[35]
Dissenting, the second group of four (Ginsburg, Stevens, Souter, and Thomas) would have "overrule[d] McMillan"[36] because it "conflicts with ... Apprendi."[37] The remaining Justice (Breyer) could not "easily distinguish Apprendi" or "agree with" the first plurality's attempt to do that.[38] Nonetheless, he could "not yet accept its [Apprendi's] rule,"[39] so he concurred with the first group of four.
Assuming that McMillan and Harris are still good law, they state or imply one point already made and add another point not yet made. They state or imply that the Sixth Amendment right to jury trial is satisfied only if the jury finds each fact needed to permit the sentence in issue. They add that so long as the jury finds each fact needed to permit the sentence in issue, the Sixth Amendment does not bar the judge alone from finding additional facts that merely make mandatory what the jury has already permitted. This latter point lacks significance where, as with Counts II and III in this case, the duration of the trial court's sentence exceeds what the jury's verdict otherwise would have permitted.
Turning to this case, we hold that the sentence on Count I was not erroneous. The jury found each element of first degree kidnapping when it found by general verdict that Borboa was guilty. The jury found an aggravating fact that was not an element of first degree kidnapping when it found by special verdict that Borboa had committed the crime with sexual motivation.[40] No other facts were needed to support the maximum term or an exceptional minimum term, the jury's findings vested the trial court with discretion to impose such terms, and Borboa's Sixth Amendment right to jury trial was satisfied.
In contrast, the sentence on Count II was erroneous both statutorily and constitutionally. It was erroneous statutorily because RCW 9.94A.712 does not permit minimum and maximum terms when sentencing for second degree assault of a child.[41] It was erroneous constitutionally because, although the jury found each element of second degree assault of a child, the jury did not find the additional aggravating fact needed to support an exceptional minimum sentence.
The sentence on Count III was erroneous constitutionally. Although the jury found each element of first degree rape merely by convicting Borboa, it did not find the additional aggravating fact needed to support an exceptional minimum sentence. Unless Borboa waived his Sixth Amendment right to jury trial, the sentences on Counts II and III must be reversed.

Waiver
The State asserts that even if the Sixth Amendment's right to jury trial might otherwise have affected Borboa's sentences, Borboa waived that right. It bases its assertion on Borboa's appellate counsel having said, in a brief filed before Blakely came down, that "[t]he trial court orally cited one valid aggravating factor in imposing sentence  the extreme youth of the victim."[42]
Blakely recognizes that a defendant can waive his Sixth Amendment right to have a jury find the facts needed to support his sentence. It explains:
[N]othing prevents a defendant from waiving his Apprendi rights. When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant *190 facts or consents to judicial factfinding.[43]
Although a defendant can waive his Sixth Amendment right to jury trial, he or she must do so knowingly, voluntarily, and intelligently.[44] Borboa was tried by a jury and sentenced before Blakely was decided. He did not know of or agree to forgo his right to have a jury find the facts needed to support a sentence above the standard range. Thus, he did not knowingly, voluntarily, or intelligently waive his Sixth Amendment right to have a jury find such facts.[45]
The sentence on Count I is affirmed, but the sentences on Counts II and III are reversed. The case is remanded for resentencing on Counts II and III.
The panel hereby orders that only the foregoing portion of this opinion, and the dissent which follows, be printed in the Washington Appellate Reports. The panel also orders that the remainder of this opinion be filed for public record pursuant to RCW 2.06.040.
I concur: VAN DEREN, J.
HUNT, J. (Concurring in part and dissenting in part).
I agree with the majority on all points except their holding that Blakely[84] (1) applies to the unique sentencing scheme for sexual offenders under RCW 9.94A.712; and (2) requires remand for sentencing on count III, first degree rape of a child.[85]
First degree rape of a child is a class A felony, the statutory maximum for which is life in prison. RCW 9A.44.073(2); RCW 9A.20.021(1)(a). RCW 9.94A.712(3) requires the sentencing court to impose a mandatory life sentence for a sex offender such as Borboa.[86]

I. DISCRETIONARY MINIMUM TERM
The statute gives the sentencing court discretion in setting the minimum term, as follows:
Upon a finding that the offender is subject to sentencing under this section, the court shall impose a sentence to ... a minimum term either within the standard sentence range for the offense, or outside the standard sentence range pursuant to RCW 9.94A.535, if the offender is otherwise eligible for such a sentence.
RCW 9.94A.712(3). The sentencing court determines the applicable minimum term with reference to the sentencing grid in RCW 9.94A.510.
Here, the trial court set Borboa's minimum term above the standard range reflected in the sentencing grid based on the deliberate cruelty of Borboa's act in raping a toddler in a remote place with reduced chance for recontact with her family. The majority compellingly reasons that (1) in the unique situation of a sexual offender sentenced under RCW 9.94A.712, this elevated, or "exceptional," mandatory minimum more frequently determines the offender's release from confinement than does the mandatory life term; and (2) therefore, this minimum equates to the exceptional mandatory maximum reversed in Blakely, which requires a jury, not the court, to find the fact underlying an elevated maximum sentence term. Nonetheless, I *191 disagree that Blakely and the majority's cited other Supreme Court cases expressly or impliedly require this result.
Moreover, the Blakely Court appears to have rejected the notion that the majority poses here  that its holding applies to setting a minimum term based on aggravating factors. As the Court noted in Blakely:
The State defends the sentence by drawing an analogy to those we upheld in McMillan v. Pennsylvania[87] and Williams v. New York, [337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949)].[88] Neither case is on point. McMillan involved a sentencing scheme that imposed a statutory minimum if a judge found a particular fact.[89] We specifically noted that the statute "does not authorize a sentence in excess of that otherwise allowed for [the underlying] offense."
Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 2538, 159 L.Ed.2d 403 (2004).

II. MANDATORY MAXIMUM TERM OF LIFE IN PRISON
Reiterating my colleagues' quote from Blakely,
[T]he "statutory maximum" for Apprendi[90] purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict ... [i]n other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.
Blakely, ___ U.S. at ___, 124 S.Ct. at 2537 (emphasis omitted), quoted at page 6 of the majority opinion here. Under the statutory sentencing scheme at issue here, the relevant "statutory maximum" the trial court not only "may impose," but must impose, "without any additional findings," for a person convicted of first degree rape is life in prison. Unlike the statutory scheme at issue in Blakely, a life sentence for a sex offender under RCW 9.94A.712 does not depend on any additional findings by anyone. Rather, the maximum life sentence flows directly from the convicted rapist's meeting RCW 9.94A.712 criteria. Because there is no additional fact for the jury or judge to find, Blakely does not apply.
Blakely, McMillan, and Apprendi hold only that a jury must determine the existence of aggravating facts that increase the statutory maximum, not a minimum sentence, which is at issue here. I appreciate the majority's reasoning that under the relatively unique statutory sentencing of RCW 9.94A.712, the minimum term will typically have greater effect on the length of time a class A sexual felon spends in prison than will his mandatory life sentence.[91] Nonetheless, in my view Blakely does not extend this far. The Blakely Court held only: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, ___ U.S. at ___, 124 S.Ct. at 2536, quoting Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (emphasis added). Here, as noted earlier, we address the setting of a minimum term under RCW 9.94A.712, not a "prescribed statutory maximum" that Blakely addresses.
In my view, the injustice Blakely and Apprendi seek to remedy relates expressly to increased maximum, not minimum, sentences predicated on additional facts beyond the convicted offense:

*192 Those who would reject Apprendi[92] are resigned to one of two alternatives. The first is that the jury need only find whatever facts the legislature chooses to label elements of the crime, and that those it labels sentencing factors  no matter how much they may increase the punishment  may be found by the judge. This would mean, for example, that a judge could sentence a man for committing murder even if the jury convicted him only of illegally possessing the firearm used to commit it  or of making an illegal lane change while fleeing the death scene. Not even Apprendi's critics would advocate this absurd result ... The jury could not function as circuitbreaker in the State's machinery of justice if it were relegated to making a determination that the defendant at some point did something wrong, a mere preliminary to a judicial inquisition into the facts of the crime the State actually seeks to punish.
Blakely, ___ U.S. at ___, 124 S.Ct. at 2539 (citation omitted). But such is not the case here.
Unlike the potentially abusive situation the Supreme Court describes above, the trial court's imposition of an increased minimum sentence for Borboa, already mandatorily sentenced to a maximum term of life imprisonment, does not subject him to a sentence for a harsher crime than that for which the jury convicted him in Count III, first degree rape of a child. There is no fact other than the underlying conviction itself that triggers the maximum statutory life sentence; nor is there any factor for the jury or judge to find that could increase his mandatory life sentence.

III. CONCLUSION
Although I find the majority's analysis to be a plausible extension of Blakely, I do not believe that Blakely compels this result. Nor do I believe it prudent to extend Blakely to the unique sentencing scheme for class A sexual offenses for which our Legislature has mandated a life sentence under RCW 9.94A.712. Washington's sentencing scheme for this type of serious sexual offense resurrects the parole board, now called the Indeterminate Sentencing Review Board. The only way a defendant can avoid an actual life sentence for this class of offenses is by having the Board find him unlikely to reoffend if released from prison into the community under supervision. RCW 9.95.420. Even then, if he reoffends or fails to follow the conditions of his release, the Board can return him to prison to reinstate his life sentence or to continue serving it in two-year increments. RCW 9.95.440.
In my view, we should confine Blakely to its holding, especially when read together with Apprendi and McMillan. We should not extrapolate to apply Blakely to minimum sentences that may be increased based on aggravating factors. I would hold that Blakely has no effect on such minimum terms under RCW 9.94A.712, where life in prison is the fixed statutory maximum. I would affirm the sentence on Count III.
NOTES
[1] 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
[2] 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[3] RCW 9.94A.712(1) provides:

(1) An offender who is not a persistent offender shall be sentenced under this section if the offender:
(a) Is convicted of:
(i) Rape in the first degree, rape in the second degree, rape of a child in the first degree, child molestation in the first degree, rape of a child in the second degree, or indecent liberties by forcible compulsion;
(ii) Any of the following offenses with a finding of sexual motivation: Murder in the first degree, murder in the second degree, homicide by abuse, kidnapping in the first degree, kidnapping in the second degree, assault in the first degree, assault in the second degree, assault of a child in the first degree, or burglary in the first degree; or
(iii) An attempt to commit any crime listed in this subsection (1)(a); committed on or after September 1, 2001; or
(b) Has a prior conviction for an offense listed in RCW 9.94A.030(32)(b), and is convicted of any sex offense which was committed after September 1, 2001.
[4] RCW 9.94A.712(3) provides:

(3) Upon a finding that the offender is subject to sentencing under this section, the court shall impose a sentence to a maximum term consisting of the statutory maximum sentence for the offense and a minimum term either within the standard sentence range for the offense, or outside the standard sentence range pursuant to RCW 9.94A.535, if the offender is otherwise eligible for such a sentence.
[5] RCW 9.94A.535; State v. Gore, 143 Wash.2d 288, 315-16, 21 P.3d 262 (2001); see Blakely, ___ U.S. at ___-___, 124 S.Ct. at 2537-38.
[6] RCW 9.94A.535(2)(f).
[7] RCW 9.95.420(3)(a).
[8] RCW 9.95.435(1).
[9] See RCW 9A.20.010-.020.
[10] See RCW 9.94A.510.
[11] See RCW 9.94A.712(3); RCW 9.94A.535.
[12] Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).
[13] Apprendi, 530 U.S. at 470, 120 S.Ct. 2348.
[14] Apprendi, 530 U.S. at 468-69, 120 S.Ct. 2348.
[15] Apprendi, 530 U.S. at 490, 120 S.Ct. 2348 (quoting Jones v. U.S., 526 U.S. 227, 252-53, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) (opinion of Stevens, J.)).
[16] Apprendi, 530 U.S. at 490, 120 S.Ct. 2348.
[17] See RCW 9.94A.120 (now recodified as RCW 9.94A.505).
[18] Blakely, ___ U.S. at ___, 124 S.Ct. at 2536 (quoting Apprendi, 530 U.S. at 490, 120 S.Ct. 2348).
[19] See RCW 9.94A.120; RCW 9.94A.310-.320 (now recodified as RCW 9.94A.505-.525).
[20] See RCW 9A.20.020; RCW 9A.40.030.
[21] Blakely, ___ U.S. at ___, 124 S.Ct. at 2537 (emphasis omitted).
[22] E.g., United States v. Gaudin, 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (Fifth and Sixth Amendments "require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt"). See also Apprendi, 530 U.S. at 477, 120 S.Ct. 2348 (due process and the right to a speedy and public trial by an impartial jury "indisputably entitle a criminal defendant to a jury determination that [he] is guilty of every element of the crime with which he is charged") (quotation omitted).
[23] E.g., State v. Gore, 143 Wash.2d at 315-16, 21 P.3d 262; State v. Nordby, 106 Wash.2d 514, 519, 723 P.2d 1117 (1986).
[24] Supplemental Br. of Resp't at 2 (emphasis omitted).
[25] Blakely, ___ U.S. at ___, 124 S.Ct. at 2537 ("`statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict") (emphasis omitted).
[26] 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).
[27] 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002).
[28] See 18 PA. CONS.STAT. § 1103 (1982).
[29] 42 PA. CONS.STAT. § 9712(a) (1982).
[30] McMillan, 477 U.S. at 87-88, 106 S.Ct. 2411.
[31] See 18 U.S.C. § 924(c)(1)(A)(ii).
[32] Harris, 536 U.S. at 550, 122 S.Ct. 2406.
[33] Harris, 536 U.S. at 557, 122 S.Ct. 2406.
[34] Jones, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311.
[35] Harris, 536 U.S. at 566-67, 122 S.Ct. 2406 (citations omitted).
[36] Harris, 536 U.S. at 573, 122 S.Ct. 2406.
[37] Harris, 536 U.S. at 572, 122 S.Ct. 2406.
[38] Harris, 536 U.S. at 569, 122 S.Ct. 2406.
[39] Harris, 536 U.S. at 569-70, 122 S.Ct. 2406.
[40] RCW 9.94A.535(2)(f); RCW 9.94A.835(2).
[41] RCW 9.94A.712(1).
[42] Br. of Appellant at 45.
[43] Blakely, ___ U.S. at ___, 124 S.Ct. at 2541.
[44] State v. Forza, 70 Wash.2d 69, 71, 422 P.2d 475 (1966); State v. Bugai, 30 Wash.App. 156, 157, 632 P.2d 917, review denied, 96 Wash.2d 1023 (1981); State v. Whitley, 682 N.W.2d 691, 696 (Minn.Ct.App.2004) (defendant did not knowingly, voluntarily, and intelligently waive right to jury under Blakely); see also CrR 4.2(d); CrR 4.2(g)(5)(a); CrR 6.1(a).
[45] See State v. Cody, 272 Kan. 564, 35 P.3d 800, 802 (2001); Whitley, 682 N.W.2d at 696.
[84] Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[85] I disagree with the majority that Blakely applies to class A sexual felonies under RCW 9.94A.712. Nonetheless, I concur in the majority's affirmance of the trial court's exceptional minimum sentence on Count I, first degree kidnapping, based on the jury's finding of the statutory aggravating factor, sexual motivation. Therefore, I respectfully dissent as to Count III, first degree rape of a child, only.
[86] "Upon a finding that the offender is subject to sentencing under this section, the court shall impose a sentence to a maximum term consisting of the statutory maximum sentence for the offense." RCW 9.94A.712(3).
[87] 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).
[88] 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).
[89] McMillan, 477 U.S. at 81, 106 S.Ct. 2411, 91 L.Ed.2d 67.
[90] Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
[91] The minimum term that the trial court sets at the time of sentencing affects only the potential earliest time that the defendant can be released. Although for any prisoner, this first-opportunity for release may have more meaning than the life sentence imposed, nonetheless, neither the trial court nor the jury have any control over the mandatory life sentence once the defendant is convicted of the class A sexual felony under RCW 9.9A.712.
[92] Apprendi, 530 U.S. at 490, 120 S.Ct. 2348.